Filed 4/28/26

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| BRIAN S. DETRICK, | B344461 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV33977) |
| v. | |
| KEIKO SHIMADA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Reversed.

Bergkvist, Bergkvist & Carter, Paul J. Carter; Detrick Law Office and Brian S. Detrick for Plaintiff and Appellant.

Nakahara Law, Larry M. Nakahara and Ashleigh W. McCurchin for Defendant and Respondent.

_____

Brian S. Detrick, an attorney, appeals from a grant of summary judgment in favor of his former client, respondent Keiko Shimada. After Shimada voluntarily dismissed a malpractice suit against Detrick, Detrick sued for malicious prosecution. Shimada moved for summary judgment, averring by declaration she had dismissed the malpractice suit because of the statute of limitations, a procedural basis for dismissal that precluded a malicious prosecution action. Detrick objected to the declaration as incompetent because Shimada could not read or speak English, and she provided no attestation from an interpreter or translator certifying the declaration accurately reflected Shimada's words.[1] The trial court overruled the objection, concluding the Evidence Code provisions pertaining to interpreters did not apply to declarations, and granted summary judgment.

The trial court erred in overruling Detrick's objection. The Evidence Code disqualifies witnesses who cannot be understood directly or through an interpreter. (Evid. Code, § 701, subd. (a)(1).) It is undisputed Shimada cannot read, write, or speak English, and thus her competence as a witness depended on an interpreter as an intermediary. Shimada provided no evidence as to the identity or qualifications of her interpreter, nor any kind of attestation from the interpreter that the declaration accurately reflected Shimada's words. Her declaration therefore did not provide competent evidence of her reasons for dismissing the malpractice suit. Absent that evidence, she could not meet her burden to make a prima facie showing she dismissed the

---

[1] Our holding applies equally to interpreters of oral language and translators of written language, and our use of one term should not be read to exclude the other.

malpractice suit because of the statute of limitations, and thus was not entitled to summary judgment.

Accordingly, we reverse.

## BACKGROUND

On December 12, 2019, Shimada filed a complaint for malpractice and fraud against Detrick, her former attorney in a dispute over the estate of her deceased husband.  The complaint alleged Shimada entered into an unfavorable settlement following a mediation because Detrick withheld critical information from her and provided "false, wrong and untrue advice."

On September 21, 2020, Detrick's counsel sent a letter to Shimada's counsel stating an intent to file a demurrer on two grounds:  1) Detrick's actions were shielded by mediation confidentiality provisions in the Evidence Code; and 2) Shimada's causes of action were untimely under the applicable statute of limitations.  The letter included a "Malicious Prosecution Warning" (boldface, underscoring, & some capitalization omitted) asserting Shimada's complaint had been filed without probable cause and with malice, and arguing the "true facts" demonstrated Detrick's innocence.  In particular, the letter asserted Shimada was aware Detrick was not at the mediation at the time Shimada signed the unfavorable settlement agreement and he did not advise her to sign it.

A month later, on October 23, 2020, Shimada filed a request for dismissal with prejudice of her malpractice lawsuit, which the clerk entered.

On October 20, 2022, Detrick filed a complaint for malicious prosecution against Shimada.

3

On May 6, 2024, Shimada filed a motion for summary judgment in the malicious prosecution action. Shimada claimed "[o]ne of [her] motivations" for dismissing the malpractice suit was Detrick's counsel's letter indicating the statute of limitations had run. Shimada argued dismissal based on the statute of limitations was not a termination favorable to Detrick as required for a malicious prosecution action.

In support of her motion, Shimada filed a declaration stating, "The main motivation for my [requesting dismissal] was concern that the limitations period had expired on one or more of my causes of action in the Malpractice Complaint, as [Detrick's counsel] had advised [in his letter]." Shimada's counsel filed a declaration similarly stating, "One of the main motivations for [Shimada's] filing her Request for Dismissal . . . was [Detrick's counsel's] advisement that the limitations period had expired . . . ."

In opposing the motion for summary judgment, Detrick objected to Shimada's declaration as incompetent, citing Evidence Code sections 403, 702, 711, and 750–753. Detrick proffered a letter from Shimada's counsel sent in advance of her deposition in which counsel "advised that Keiko Shimada only speaks and reads Japanese" and would require an interpreter. Detrick also proffered excerpts of Shimada's deposition in which she acknowledged her counsel had advised Detrick's counsel that she only spoke and read Japanese. Detrick argued Shimada's declaration was inadmissible because "[n]o translator's oath has been presented to show that Shimada has an understanding of what she was signing in her Declaration or what it said and that it has been translated for her."

Detrick also objected that Shimada's counsel's declaration stating Shimada's motivation for dismissing the malpractice suit was hearsay and not based on personal knowledge.

In addition to his evidentiary objections, Detrick contended Shimada's declaration, even if admissible, merely stated that the statute of limitations was "one" of her motivations, thus implicitly conceding other motivations existed. Detrick argued Shimada's mental state in dismissing her lawsuit was a question of fact that could not be resolved on summary judgment, and Shimada had thwarted Detrick's efforts at discovery as to her reasons for dismissing the lawsuit.

In her reply in support of summary judgment Shimada argued, inter alia, that the Evidence Code provisions relied upon by Detrick "do not pertain to declarations written in English, but rather to examination by deposition or in court." Shimada's reply stated, "Shimada's Declaration was reviewed with her by a Japanese-speaking employee of her attorney's office, and she attested to each statement before signing her declaration." Shimada submitted no further declarations in support of her motion.

The trial court[2] granted Shimada's motion for summary judgment, finding "the voluntary dismissal of the Malpractice Claim was based on technical grounds, i.e. the statute of limitations, and it does not constitute a favorable termination because it does not reflect on the substantive merits of the underlying claim." The court overruled Detrick's objection to Shimada's declaration: "[Detrick] has submitted no authority for

_____

[2] The judge who ruled on the summary judgment motion was the same judge who presided over Shimada's malpractice suit before it was dismissed.

5

the contention that [an interpreter's] attestation is required in the case of a writing as opposed to oral testimony.  The Court finds that no attestation under oath by an interpreter pursuant to Evid. Code § 751 is required in the case of the Shimada [declaration]."  The court sustained Detrick's hearsay objection to Shimada's counsel's declaration.

Detrick moved for a new trial, asserting again, inter alia, his objection to Shimada's declaration as incompetent.  In opposition, Shimada's counsel filed a declaration stating, as had Shimada's reply in support of summary judgment, that Shimada reviewed her declaration with "a Japanese-speaking employee of her attorney's office, and she attested to each statement before signing her declaration."  Detrick objected to counsel's declaration, arguing there was "no showing that the unnamed employee was competent to translate," and counsel's statement that Shimada attested to her declaration was hearsay.

The trial court denied the motion for a new trial.  Detrick timely appealed.

## DISCUSSION

### A.    Principles of Summary Judgment

" 'Summary judgment is appropriate only "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." ' [Citation.]" (*Barenborg v. Sigma Alpha Epsilon Fraternity* (2019) 33 Cal.App.5th 70, 76 (*Barenborg*).)  A defendant moving for summary judgment has " 'an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact.' [Citation.] . . .  'Once the defendant meets the foregoing [initial] burden [of production], "the burden shifts to the plaintiff . . . to

6

show that a triable issue of one or more material facts exists as to that cause of action . . . ." [Citation.]' [Citation.]" (*Stokes v. Forty Niners Stadium Management Co., LLC* (2024) 107 Cal.App.5th 1199, 1213–1214.)

" 'We review the ruling on a motion for summary judgment de novo, applying the same standard as the trial court.' [Citation.]" (*Barenborg*, *supra*, 33 Cal.App.5th at p. 76.) " '[T]he weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an abuse of discretion standard. [Citations.]' [Citation.]" (*Michaels v. Greenberg Traurig, LLP* (2021) 62 Cal.App.5th 512, 521.)

## B.     Malicious Prosecution and Voluntary Dismissal

"Malicious prosecution is an intentional tort. It offers a remedy to one subjected to a criminal charge or civil action that has been maliciously instituted or maintained. [Citation.] To prevail, the plaintiff must show that a prior action was: commenced by or at the direction of the defendant; initiated or maintained both without probable cause and with malice; and pursued to a legal termination favorable to the plaintiff." (*Escamilla v. Vannucci* (2025) 17 Cal.5th 571, 577.)

" '[A] voluntary dismissal, even one without prejudice, may be a favorable termination which will support an action for malicious prosecution. [Citation.]' " (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 205.) "In many instances the dismissal 'may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits.' [Citation.] But ' "[i]t is not enough . . . merely to show that the proceeding was dismissed." [Citation.] The reasons for the dismissal of the action must be examined to determine whether

7

the termination reflected on the merits.  [Citations.]'  [Citation.]"  (*Ibid.*)

A dismissal based on a " 'technical or procedural' " ground, which " 'reflect[s] on neither innocence of nor responsibility for the alleged misconduct,' " "is not favorable for purposes of a malicious prosecution claim."  (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 342; accord, *Alston v. Dawe* (2020) 52 Cal.App.5th 706, 722.)  An example of a technical or procedural ground that will not support a malicious prosecution claim is a dismissal based on the statute of limitations.  (*Casa Herrera*, at p. 342; *Alston*, at p. 722.)

## C.  Shimada Did Not Proffer Competent Evidence That She Dismissed the Malpractice Action Because of the Statute of Limitations

On appeal, Detrick argues 1) the trial court erred in overruling his objection that Shimada's declaration was incompetent; 2) Shimada's evidence, even if admissible, failed to establish she dismissed the malpractice suit because of the statute of limitations; 3) dismissal on the basis of mediation confidentiality is a termination on the merits; 4) questions of Shimada's intent and mental state cannot be resolved on summary judgment; and 5) the trial court abused its discretion by not continuing or denying the motion for summary judgment so Detrick could conduct further discovery.  As set forth below, we agree with Detrick's first argument that Shimada's declaration was inadmissible, and the trial court should have denied summary judgment on that basis.  We do not reach Detrick's other arguments.

A witness is disqualified if he or she is "[i]ncapable of expressing himself or herself concerning the matter so as to be

8

understood, either directly or through interpretation by one who can understand him." (Evid. Code, § 701, subd. (a).)[3] Shimada could not "directly" express herself in her declaration because she cannot write or speak English. (Evid. Code, § 701, subd. (a).) Nor could she certify under penalty of perjury that the contents of her English-language declaration were true and correct, as required under Code of Civil Procedure section 2015.5, because she could not read it. To establish her competence as a witness, therefore, she required "interpretation by one who can understand" her. (Evid. Code, § 701, subd. (a).)

Shimada failed to provide evidence of this necessary intermediary. There were no declarations submitted in support of the motion for summary judgment explaining how Shimada's declaration was generated. The trial court therefore did not know who, if anyone, served as an interpreter, nor did the trial court know the interpreter's qualifications. The trial court did not know if or how the interpreter worked with Shimada to ensure the English-language declaration accurately reflected her words, and that she understood what she was signing. There was no attestation from the interpreter as to the accuracy of the translation. Without this information, Shimada's certification that her English-language declaration is true and correct was not competent.

We recognize that Shimada's reply below, signed by her attorney, stated Shimada reviewed her declaration with her attorney's Japanese-speaking employee and attested to each statement before signing. Shimada's counsel repeated this

---

[3] Detrick did not cite Evidence Code section 701 below, but we deem his objection on the basis of witness incompetence to encompass that section.

9

representation in counsel's declaration in opposition to Detrick's motion for a new trial.[4]  Assuming arguendo the trial court properly could consider these representations by Shimada's counsel, the representations nevertheless failed to fill the foundational gaps in Shimada's declaration.  Shimada and her counsel never identified below the "Japanese-speaking employee" or provided any information about that person's competence to translate a document signed under penalty of perjury.  Without information about the interpreter's qualifications and his or her attestation that the translation was accurate, we still lack the necessary link providing a foundation for Shimada's declaration establishing that it is trustworthy in light of her admitted inability to read or speak English.

Instructive to our holding is *People v. Pantoja* (2004) 122 Cal.App.4th 1 (*Pantoja*).  In *Pantoja*, a defendant convicted of premeditated murder challenged on appeal the admission at trial of a declaration the victim had included in an application for a restraining order.  (*Id.* at pp. 3–4.)  The trial court admitted the declaration under Evidence Code section 1370, which provides a hearsay exception for statements that "narrate, describe, or explain the infliction or threat of physical injury upon the declarant."  (Evid. Code, § 1370, subd. (a)(1); *Pantoja*, at p. 7.)  The exception requires, inter alia, a finding that "[t]he statement was made under circumstances that would indicate its trustworthiness."  (Evid. Code, § 1370, subd. (a)(4).)

The appellate court reversed the defendant's murder conviction, concluding the victim's declaration was not

---

[4] Shimada did not mention these representations in her appellate briefing.  Her counsel raised them for the first time at oral argument.

trustworthy and its admission was prejudicial. (*Pantoja*, *supra*, 122 Cal.App.4th at pp. 11, 15.) Central to this determination was the fact the victim "spoke almost no English," and it was therefore "unclear who actually wrote the declaration." (See *Pantoja*, *supra*, 122 Cal.App.4th at p. 12.) "If [the victim's] statements were translated and transcribed by someone else, there is no indication in the record of who that was or of that person's proficiency as a translator. Nor do we know whether the statement was read to [the victim] in either language or whether she gave it any form of meaningful review." (*Ibid*.) The prosecutor had laid no foundation for admission of the declaration other than to request the trial court take judicial notice of it because it had been admitted in other proceedings. (*Ibid*.) The appellate court observed that there was "a complete absence of foundational information necessary to determine the reliability of the statement." (*Id*. at p. 11.)

The Court of Appeal rejected the trial court's reliance on *Correa v. Superior Court* (2002) 27 Cal.4th 444, which held "that translation of a statement 'does not add a layer of hearsay when a translator acts as a "language conduit" so as to cause the statement to be fairly attributable to the declarant.' " (*Pantoja*, *supra*, 122 Cal.App.4th at p. 12, quoting *Correa*, at p. 455.) The Court of Appeal observed that *Correa* listed factors a court should consider " ' "in determining whether the interpreter's statements should be attributed to the [declarant] . . . , such as which party supplied the interpreter, whether the interpreter had any motive to mislead or distort, the interpreter's qualifications and language skill, and whether actions taken subsequent to the conversation were consistent with the statements as

translated." ' [Citation.]" (*Pantoja*, at p. 12, quoting *Correa*, at p. 458.)

The Court of Appeal wrote, "Here, the trial court considered none of these factors, and could not have done so because of the absence of the foundational facts necessary to make such an evaluation." (*Pantoja*, *supra*, 122 Cal.App.4th at p. 12.) "Thus, there is no assurance that [the victim's statements] . . . [were] accurately translated and transcribed. Indeed, there is no assurance that these were [the victim's] words, rather than something included at the suggestion of another person present when the declaration was written." (*Ibid.*)

*Pantoja*'s reasoning is compelling when applied to Shimada's declaration. As in *Pantoja*, here there was an absence of foundational facts from which the trial court could determine whether the English-language declaration accurately reflected Shimada's words, including the name and qualifications of the interpreter and the circumstances of the declaration's creation. There is not even "assurance that these were [Shimada's] words, rather than something included at the suggestion of another person . . . ." (*Pantoja*, *supra*, 122 Cal.App.4th at p. 12.) Again, the fact Shimada signed the declaration is of no significance when she was incapable of reading it to verify its accuracy. The declaration was neither competent nor trustworthy.

On appeal, Shimada offers no argument to the contrary apart from citing the trial court's reasoning for overruling Detrick's objection. The trial court concluded the Evidence Code provisions pertaining to interpreter attestations, specifically

12

Evidence Code[5] section 751, do not apply to written declarations. Section 751 provides, in relevant part, "An interpreter shall take an oath that he or she will make a true interpretation to the witness in a language that the witness understands and that he or she will make a true interpretation of the witness' answers to questions to counsel, court, or jury, in the English language, with his or her best skill and judgment." (§ 751, subd. (a).) It further provides, "A translator shall take an oath that he or she will make a true translation in the English language of any writing he or she is to decipher or translate." (*Id.*, subd. (c).)

The requirements for interpreters and translators are further set forth in sections 752 and 753. Section 752, subdivision (a) provides, "When a witness is incapable of understanding the English language or is incapable of expressing himself or herself in the English language so as to be understood directly by counsel, court, and jury, an interpreter whom the witness can understand and who can understand the witness shall be sworn to interpret for the witness." Section 753, subdivision (a), provides, "When the written characters in a writing offered in evidence are incapable of being deciphered or understood directly, a translator who can decipher the characters or understand the language shall be sworn to decipher or translate the writing."

We disagree with the trial court that these provisions apply only to oral testimony, when section 751, subdivision (c) and section 753, subdivision (a) expressly pertain to writings. To the extent there is ambiguity whether those provisions apply to

---

[5] Further unspecified statutory citations are to the Evidence Code.

13

declarations submitted with motions, the California Rules of Court pertaining to law and motion similarly provide, "Exhibits written in a foreign language must be accompanied by an English translation, certified under oath by a qualified interpreter." (Cal. Rules of Court,[6] rule 3.1110(g).) Thus, for example, if Shimada originally drafted her declaration in Japanese and someone else translated it to English, the translator would, at minimum, have to certify the translation under oath.

Even if arguendo sections 751 through 753 and rule 3.1110(g) would not apply to the circumstances of this case, the principles of witness competence discussed *ante* do. The trial court abused its discretion by overruling Detrick's objection and admitting Shimada's declaration. (See *Kourounian v. California Dept. of Tax & Fee Administration* (2023) 91 Cal.App.5th 1100, 1112 [evidentiary ruling resting on error of law is abuse of discretion].)

Without her declaration, Shimada could not meet her burden to make a prima facie showing that she dismissed her malpractice complaint on procedural rather than substantive grounds, the only basis for Shimada's summary judgment motion. Apart from the declaration, there was no admitted evidence establishing Shimada reasons for dismissal. The trial court rejected as hearsay Shimada's attorney's statements regarding Shimada's motivations. To the extent Detrick's counsel's letter threatening a demurrer motivated the dismissal, that letter asserted multiple reasons for dismissal, not just the statute of limitations. One of those reasons — the malicious prosecution

---

[6] Unspecified rule citations are to the California Rules of Court.

14

warning — unquestionably was substantive because it described facts purportedly establishing Detrick's lack of culpability.[7]  The letter on its own, therefore, could not establish Shimada dismissed the case merely on procedural grounds.  The trial court thus erred in granting summary judgment.

## DISPOSITION

The judgment is reversed.  The trial court shall vacate its order granting Keiko Shimada's motion for summary judgment and enter an order denying the motion.  Brian Detrick is awarded his costs on appeal.

CERTIFIED FOR PUBLICATION.


BENDIX, Acting P. J.


We concur:



WEINGART, J.



M. KIM, J.

---

[7] Detrick argues mediation confidentiality, another basis for demurrer cited in his counsel's letter, also was a substantive basis for dismissal.  We do not reach this argument.